UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FANJUN CONG,<br><br>                        Petitioner,<br><br>v.<br><br>KRISTI NOEM, Secretary, Department of Homeland Security; PAM BONDI, Attorney General; TODD LYONS, Executive Associate Director of ICE Enforcement and Removal Operations (ERO); GREGORY J. ARCHAMBEAULT, Director, San Diego Field Office, Immigration and Customs Enforcement; CHRISTOPHER J. LAROSE, Warden, Otay Mesa Detention Center.<br><br>                        Respondents. | Case No.:  25-cv-3730-GPC-DEB<br><br>**ORDER GRANTING IN PART MOTION FOR ATTORNEY'S FEES**<br><br>**[ECF No. 10]** |

Pending before the Court is Petitioner's motion for an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). ECF No. 10. For the reasons outlined below, the Court GRANTS the motion IN PART.

//

1

## BACKGROUND

On January 9, 2026, this Court granted, in part, Petitioner's petition for writ of habeas corpus and ordered Respondents to provide Petitioner with an individualized bond hearing within seven days. ECF No. 7. On January 13, 2026, Petitioner was released from custody on bond. ECF No. 10, at 4. Petitioner now moves for an award of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). *See* ECF No. 10.

## LEGAL STANDARD

"The EAJA provides . . . that in an action brought by or against the United States, a court must award fees and expenses to a prevailing non-government party 'unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.'" *Medina Tovar v. Zuchowski*, 41 F.4th 1085, 1089 (9th Cir. 2022) (quoting 28 U.S.C. § 2412(d)(1)(A)). The government bears the burden of showing that its position was substantially justified. *Id.*

The EAJA specifies a maximum statutory rate of $125 per hour, which the Ninth Circuit has adjusted to $258.36 for work performed in 2025. United States Courts for the Ninth Circuit, *Statutory Maximum Rates Under the Equal Access to Justice Act*, https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/ (last visited March 23, 2025). The statutory rate is to apply "unless the court determines that . . . a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A).

Thus, a court may award enhanced hourly rates based on the limited availability of qualified attorneys when an attorney possesses (1) "distinctive knowledge and specialized" skill that was (2) "needful to the litigation in question" and (3) "not available elsewhere at the statutory rate." *Nadarajah v. Holder*, 569 F.3d 906, 912 (9th Cir. 2009) (internal quotation marks and citations omitted). Examples of "distinctive knowledge" include "an

25-cv-3730-GPC-DEB

identifiable practice specialty such as patent law, or knowledge of foreign law or language." *Pierce v. Underwood*, 487 U.S. 552, 572 (1988).

## DISCUSSION

Respondents do not oppose an award of attorney's fees in this case.[1] ECF No. 12, at 3. Thus, the Court concludes that Petitioner is entitled to an award of attorney's fees under the EAJA. However, Respondents do oppose the amount requested by Petitioner's counsel. *Id.*

### I.    Petitioner is Entitled to Enhancement

Petitioner seeks an enhanced rate based on "special factors" identified in 28 U.S.C. § 2412(d)(2)(A). ECF No. 10, at 7. Specifically, Petitioner's counsel—Mr. Chuangchuang Chen—points to his knowledge of China's socio-political environment and fluency in Mandarin Chinese. ECF No. 10, at 8. Mr. Chen relied on his knowledge of Mandarin to communicate with Petitioner and his family throughout Petitioner's case. *Id.* Thus, Mr. Chen argues that "specialized skills were required to achieve the successful outcome in this case and are not available elsewhere at the statutory rate." *Id.* Specifically, Mr. Chen seeks an award of fees at rate of $500 an hour for his own work and $200 an hour for the work of two paralegals—both of which he avers are in line with prevailing market rates for similar legal services. ECF No. 10-2, at 1.

Respondents maintain that Petitioner's counsel is not entitled to a special factor enhancement. ECF No. 12, at 3. Specifically, Respondents argue that the practice of immigration law generally is not viewed as a specialty meriting a special factor adjustment, and that counsel's increased knowledge of China's socio-political landscape was not

---

[1] Respondents assume for the purposes of this motion that attorney's fees are appropriate under the EAJA. ECF No. 12, at 3. However, Respondents clarify that such an assumption is only in the interest of judicial economy and is not a concession regarding whether their position in this litigation was substantially justified. *Id.*

25-cv-3730-GPC-DEB

necessary to prevail in this litigation. ECF No. 12, at 4. They further argue that, while counsel's ability to speak Mandarin Chinese may merit some adjustment, it does not justify counsel's requested rate of $500 per hour. *Id.* Though Respondents identify an enhancement of $50 above the statutory rate as a "standard" enhancement for foreign language knowledge, they do not provide any case law in support of their claim. Petitioner's counsel did not file a reply to rebut any of Respondents' arguments.

The Court finds that Mr. Chen's proficiency in Mandarin Chinese was (1) distinctive knowledge (2) needful to this litigation, that is (3) not available elsewhere at the statutory rate. *See Nadarajah*, 569 F.3d at 912; *see Truong v. Berryhill*, No. 17-CV-02179-BEN-RNB, 2019 WL 1863655 (S.D. Cal. Apr. 24, 2019*)* (finding Plaintiff could not have received specialized representation elsewhere at the statutory rate where attorneys' fluency in Vietnamese was necessary to communicate with plaintiff and her mother). Indeed, the Supreme Court has identified that knowledge of a foreign language may qualify as the distinctive knowledge necessary to justify an enhancement, *see Pierce*, 487 U.S. at 572, and Respondents concede as much, ECF No. 12, at 4.

However, the Court does not find the same as to Mr. Chen's knowledge of China's socio-political environment. While such knowledge may be necessary to prevail in Petitioner's underlying asylum claim, it was not necessary to prevail on this habeas petition. *See Nadarajah*, 569 F.3d at 913 (finding knowledge of foreign culture may justify enhancement when "needed to give the [noncitizen] a fair shot at prevailing" (internal quotation marks and citation omitted)).

Here, because (1) Petitioner's counsel's distinctive knowledge is limited to counsel's knowledge of a foreign language, (2) Respondents oppose counsel's fee request, and (3) Petitioner's counsel failed to file a reply addressing Respondents' legal arguments, the Court finds that a limited enhancement of $100 above the statutory rate is appropriate rather than the requested market rate of $500 per hour. *See I.N.S. v. Jean*, 496 U.S. 154, 163

25-cv-3730-GPC-DEB

(1990) (courts have "substantial discretion in fixing the amount of an EAJA award."). Thus, the Court will award Mr. Chen's attorney's fees at a reasonable rate of $358.56 per hour.

Mr. Chen further requests a billable rate of $200 per hour for each of his two paralegals, which he asserts is in line with the prevailing market rates. ECF No. 10-4, at 2. Respondents do not oppose this request. Thus, the Court finds the rate reasonable. *See Nadarajah*, 569 F.3d at 918 (citing *Richlin Sec. Serv. v. Chertoff*, 553 U.S. 571, 577 (2008) ("Under EAJA, paralegal fees may be awarded at prevailing market rates.").

## II.    Petitioner's Fee Request is Reasonable

Petitioner's counsel has provided an itemized log detailing the number of hours that he and his paralegals dedicated to this action and how that time was spent. ECF No. 10-2, at 3. Mr. Chen billed 13 hours on this case on a combination of case review, legal research, brief drafting, and client and family communication. Mr. Chen's paralegals spent a combined 13.5 hours on this case on a combination of drafting, research, and client and family communication.

While Respondents assert that counsel's fee request is "unreasonable" and note that the Court should "exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary," ECF No. 12, at 3 (quoting *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992)), Respondents do not identify any billed hours as excessive or present argument as to why the time billed is unreasonable.

Courts should generally "defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case." *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1136 (9th Cir. 2012) (internal quotation marks and citation omitted). Upon reviewing the itemized billing hour record, ECF No. 10-2, at 3, the Court finds the hours and associated work reported by Petitioner's counsel to be reasonable.

//

25-cv-3730-GPC-DEB

### III.    Total Fee Award

Fees awarded under the EAJA are calculated pursuant to the lodestar method. *Costa*, 690 F.3d at 1135. Under the lodestar method, the Court multiplies the number of hours reasonably expended by a reasonable hourly rate to determine an ultimate fee award. *Id.* The Court has determined that the reasonable rate for Mr. Chen's billable hours is $358.56 per hour, and that the reasonable rate for his paralegals is $200 per hour. The Court has further found that the hours billed by Mr. Chen and his paralegals—13 and 13.5 hours, respectively—are reasonable. Thus, applying the lodestar method, the fee award for Mr. Chen's hours amounts to $4,661.28 and the fee award for the paralegals' hours amounts to $2,700. The total fee award in this case amounts to $7,361.28.

### CONCLUSION

For the foregoing reasons, the Court GRANTS Petitioner's motion for attorney's fees under the Equal Access to Justice Act IN PART. The Court finds that an enhancement of $100 above the EAJA statutory hourly rate is merited.  Petitioner is awarded fees and costs in the amount of $7,361.28.

IT IS SO ORDERED.

Dated:  April 20, 2026

Hon. Gonzalo P. Curiel
United States District Judge

25-cv-3730-GPC-DEB